IN RE EDWARD L. TIRRELL, JR., LAW STUDENT.

Submitted May 19, 1941—Decided May 27, 1941.

Before Justices PARKER, DONGES and COLIE.

PER CURIAM.

Petitioner is a candidate for admission to the bar. The rules require an apprenticeship of three years, to be served

in the office of a practicing counselor-at-law, with a qualifying provision that not over twenty-four months of the three years may be served in attendance at an accredited law school.

The rules further require that "every applicant shall register an application with a member of the bar of this state who shall at the time be in general practice and have been a counselor-at-law for a period of five years, and such member of the bar shall certify such application to the clerk of this court at least three years before an examination may be taken." The petitioner's application was "registered" on May 8th, 1941: but he asks credit for law school attendance which began on September 25th, 1939, over eighteen months earlier; and that the court recognize the certificate of commencement of clerkship as effective *nunc pro tunc* as of September 25th, 1939.

The application is denied. Petitioner says he was ignorant of the rule above quoted, which dates from February, 1938, in its present form. In a similar case, *In re Evers*, 124 *N. J. L.* 97, argued in October, 1939, the candidate matriculated in September, 1938, and we considered that his failure to learn of the rule and comply with it was under the circumstances excusable. But that leniency is not to be extended indefinitely, and we are clearly of opinion should not be extended in this case. In September, 1939, the rule had been in force for nineteen months; and at this writing has been in force considerably over three years, and during that period this court decided the Evers case, which was printed in the Atlantic Reporter (10 *Atl. Rep.* (2*d*) 734), and in the official advance sheets over a year ago.

The requirement of registration three years before examination was based in large measure, if not wholly, on the importance of apprising the proper authorities and the public of the candidacy and of affording opportunity for observation and investigation during its continuance. It was added because deemed important: and the time for relaxation of the rule has passed.

Let a rule be entered denying the application.